1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

MARQUISE BAILEY,

Plaintiff,

v.

SHMUEL DINA; and DOES 1 through 10,

Defendants.

Case No.: 2:23-cv-04517-MEMF-AGRx

**ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

12
13
14
15
16
17
18
19

20        On June 8, 2023, Plaintiff Marquise Bailey filed a Complaint against Shmuel Dina and

21    DOES 1 through 10, asserting: (1) a claim for injunctive relief arising out of an alleged violation of

22    the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12010–12213; (2) a claim for damages

23    pursuant to California's Unruh Civil Rights Act ("Unruh Act"), CAL. CIV. CODE §§ 51–52, *et seq.*;

24    (3) a claim for damages pursuant to the California Disabled Persons Act, CAL. CIV. CODE §§ 54, *et*

25    *seq.*; (4) a claim for damages and injunctive relief pursuant to the CAL. HEALTH & SAFETY CODE §§

26    19955, *et seq.*; and (5) a claim for negligence. ECF No. 1. The Complaint alleges that this Court has

27    jurisdiction over the ADA claim pursuant to 28 U.S.C. §§ 1331 and 1343, and that the state law

28    claims are brought "pursuant to pendant [sic] jurisdiction." *Id.* at ¶¶ 6–7.

1        Principles of pendent jurisdiction have been codified in the supplemental jurisdiction statute,

2  28 U.S.C. § 1367.  The supplemental jurisdiction statute "reflects the understanding that, when

3  deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in

4  each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness,

5  and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added)

6  (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

7        California law sets forth a heightened pleading standard for a limited group of lawsuits

8  brought under the Unruh Act. *See* CAL. CIV. PROC. CODE §§ 425.55(a)(2) & (3). The stricter

9  pleading standard requires certain plaintiffs bringing construction-access claims like the one in the

10  instant case to file a verified complaint alleging specific facts concerning the plaintiff's claim,

11  including the specific barriers encountered or how the plaintiff was deterred and each date on which

12  the plaintiff encountered each barrier or was deterred. *See* CAL. CIV. PROC. CODE § 425.50(a). A

13  "high-frequency litigant fee" is also imposed on certain plaintiffs and law firms bringing these

14  claims. *See* CAL. GOV'T CODE § 70616.5. A "high-frequency litigant" is "a plaintiff who has filed 10

15  or more complaints alleging a construction-related accessibility violation within the 12-month period

16  immediately preceding the filing of the current complaint alleging a construction-related

17  accessibility violation" *and* "an attorney who has represented as attorney of record 10 or more high-

18  frequency litigant plaintiffs in actions that were resolved within the 12-month period immediately

19  preceding the filing of the current complaint alleging a construction-related accessibility violation."

20  CAL. CIV. PROC. CODE §§ 425.55(b)(1) & (2). High frequency litigants are also required to state: (1)

21  whether the complaint is filed by, or on behalf of, a high-frequency litigant; (2) in the case of a high-

22  frequency litigant who is a plaintiff, the number of complaints alleging construction-related

23  accessibility claim filed by the high-frequency litigant during the 12 months prior to filing the instant

24  complaint; (3) the reason the individual was in the geographic area of the defendant's business; and

25  (4) the reason why the individual desired to access the defendant's business." *See id.* §

26  425.50(a)(4)(A).

27        In light of the foregoing, the Court orders Plaintiff to show cause in writing why the Court

28  should exercise supplemental jurisdiction over the American with Disabilities Act claim, the Unruh

Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim. *See* 28 U.S.C. § 1367(c). In responding to this Order to Show Cause:

1. Plaintiff shall identify the amount of statutory damages Plaintiff seeks to recover.

2. Plaintiff and Plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Code of Civil Procedure §§ 425.55(b)(1) & (2). This includes, but is not limited to:

   a. the number of construction-related accessibility claims filed by Plaintiff in the twelve months preceding the filing of the present claim; and

   b. the number of construction-related accessibility claims in which Plaintiff's counsel has represented high-frequency litigant plaintiffs in the twelve months preceding the filing of the present claim.

Plaintiff shall file a Response to this Order to Show Cause by no later than fourteen days from the date of this order. The failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the Court declining to exercise supplemental jurisdiction over the Americans with Disabilities Act claim, the Unruh Act claim, the California Disabled Persons Act claim, the California Health and Safety Code claim, and the negligence claim pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

Dated: July 24, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge